UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANGQIANG XU,<br><br>                       Petitioner,<br><br>  v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>                       Respondents. | Case No. 26-cv-01035-BAS-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

      Petitioner Bangqiang Xu filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Government responded to the Petition, acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.) However, the Government requests 14 days to hold the bond hearing because of "heavy caseloads and staffing levels." (*Id.*) Petitioner replies, asking that the bond hearing be held within seven days. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 7 days.

**I.  LEGAL STANDARD**

      A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner, a Chinese citizen, entered the United States on December 4, 2019, without inspection. (Petition ¶¶ 25–26, ECF No. 1.) Immigration and Customs Enforcement ("ICE") arrested him on July 22, 2025, in the interior of the United States. (*Id.* ¶ 27.) Since his arrest, the Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶ 1.)

The Central District of California has certified a class and essentially overruled *Yajure Hurtado*.[1] *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). The Government concedes that Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.)

---

[1] Although the Ninth Circuit has stayed applicability of this class to anyone who is not located in the Central District of California, and thus, Petitioner is not currently a member of this class, the reasoning in *Maldonado Bautista* is still valid. *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).

1  Hence, for all of the reasons stated in its previous opinions cited above, the Court
2  **GRANTS** the Petition.

3  ### III.    CONCLUSION

4  Accordingly, the Court issues the following writ:

5  The Court **ORDERS** a bond hearing before an Immigration Judge for Bangqiang Xu (A# 218-048-931) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

6  In light of this Order, the Court **VACATES** the hearing set for March 13, 2026.

7  **IT IS SO ORDERED.**

DATED: March 10, 2026

Hon. Cynthia Bashant, Chief Judge
United States District Court